## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

| | | |
|---|---|---|
| JAMES POLLARD | : | |
| 644 East Evesham Road | : | |
| Glendora, NJ 08029 | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | No.: _____ |
| | : | |
| v. | : | |
| | : | |
| SALUS UNIVERSITY | : | |
| 8360 Old York Road | : | **JURY TRIAL DEMANDED** |
| Elkins Park, PA 19027 | : | |
| | : | |
| Defendant. | : | |

---

### CIVIL ACTION COMPLAINT

James Pollard (*hereinafter* referred to as "Plaintiff," unless indicated otherwise) by and through his undersigned counsel, hereby avers as follows:

### INTRODUCTION

1.     Plaintiff has initiated this action to redress violations by Salus University (*hereinafter* referred to as "Defendant") of Title VII of the Civil Rights Act of 1964 ("Title VII" – 42 U.S.C. §§ 200d *et seq.*), Section 1981 of the Civil Rights Act of 1866 ("Section 1981" – 42 U.S.C. § 1981), the Age Discrimination in Employment Act ("ADEA" – 29 U.S.C. §§ 621 *et seq.*), and the Pennsylvania Human Relations Act ("PHRA").[1]   As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

---

[1] Plaintiff's claims under the PHRA are referenced herein for notice purposes.  He is required to wait 1 full year before initiating a lawsuit from date of dual-filing with the EEOC.  Plaintiff must however file his lawsuit in advance of same because of the date of issuance of his federal right-to-sue-letter under the ADA and the ADEA.  Plaintiff's PHRA claims however will mirror identically his federal claims under the ADA and the ADEA.

## JURISDICTION AND VENUE

2.      Plaintiff resides in and is a citizen of New Jersey.

3.      Salus University is incorporated under the laws of Pennsylvania with headquarters and/or principal place of business in same, rendering it a citizen of Pennsylvania.

4.      The United States District Court for the Eastern District of Pennsylvania has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship, as Plaintiff is a citizen of New Jersey, Defendant is a citizen of Pennsylvania, and the amount in controversy exceeds $75,000.

5.      This action is also being initiated pursuant to federal laws (Title VII, Section 1981, and the ADEA) and therefore, the United States District Court for the Eastern District of Pennsylvania also has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims arise under the laws of the United States.  This Court has supplemental jurisdiction over Plaintiff's state law claims because they arise out of the same circumstances and are based upon a common nucleus of operative fact.

6.      This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction in order to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington,* 326 U.S. 310 (1945), and its progeny.

7.      Venue is properly laid in this District pursuant to 28 U.S.C. sections 1391(b)(1) and (b)(2), because Plaintiff worked for Defendant in Pennsylvania, *all actions underlying this case occurred in Pennsylvania*, and because Defendant's principal place of business is in Pennsylvania.

## PARTIES

8.      The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

9.      Plaintiff is an adult individual, with an address as set forth in the caption.

10.     Salus University, a private university, is incorporated in Pennsylvania and specializes in degree programs for health professionals, with an address as set forth in the above-caption.

11.     At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for the Defendant.

## FACTUAL BACKGROUND

12.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

13.     Plaintiff is a 64-year-old black (African-American) male.

14.     Plaintiff was employed with Defendant for approximately 4.5 years as a custodial supervisor (a management role), from in or about May of 2016 until his unlawful termination (discussed further *infra*) on or about September 11, 2020.

15.     Plaintiff was initially primarily supervised by Facilities Manager, Gary Hinchee (Caucasian - *hereinafter* "Hinchee"), until Hinchee voluntarily separated from Defendant and was replaced by Edwin Vasquez (Hispanic - *hereinafter* "Vasquez") in or about early 2020.  At all times relevant herein, Plaintiff was also generally supervised by Director of Physical Plant & Institutional Services, Richard Echevarria (Caucasian – *hereinafter* "Echevarria").

16.      Throughout his employment with Defendant, Plaintiff was a hard-working

employee who performed his job well, receiving praise on his performance and several thank you cards from more than one of Defendant's other department heads leading up to his termination.

### -Race Discrimination-

17.     During Plaintiff's tenure with Defendant, he was the only African-American manager in his department and of Facilities Management Staff.

18.     Upon Plaintiff's observations and belief, Defendant's work environment has been disparate and unfairly harsh toward black employees.

19.     In particular, following Hinchee's voluntary separation from Defendant in or about early 2020, Plaintiff had significantly more contact with Echevarria, who exhibited animosity and hostility toward black employees, including Plaintiff.  By way of example but not intended to be an exhaustive list, in the months preceding Plaintiff's termination, Echevarria, as well as other Caucasian and/or non-black management:

   a.  Treated Plaintiff in a condescending and derogatory manner and regularly talked down to him;

   b.  Criticized and scrutinized Plaintiff's work;

   c.  Selectively enforced policies against Plaintiff;

   d.  Manufactured concerns with Plaintiff's performance and/or issued him pretextual discipline for false reasons;

   e.  Echevarria routinely subjected Plaintiff to racially-based derogatory and offensive comments, including but not limited to stating that he "doesn't want [Plaintiff's] kind here," and "your kind doesn't belong here"; and

   f.  Unlike his Caucasian and/or non-black co-workers, on at least one occasion, Echevarria tore up a work document and threw it in Plaintiff's face.

20.     Leading up to his termination, Plaintiff complained on multiple occasions to Echevarria, as well as Human Resources ("HR") personnel, about the aforesaid instances of discriminatory, harassing, and disparate treatment that he was being subjected to.  Plaintiff specifically complained to Echevarria, "you treat me differently and unfairly because I'm black."

21.     Instead of meaningfully investigating Plaintiff's aforesaid complaints of race discrimination, Defendant's HR personnel informed Plaintiff that he could be "terminated at any time," and Echevarria continued to subject him to hostility, animosity, pretextual admonishment, and disparate treatment.

22.     On or about September 11, 2020, in close proximity to his most recent complaints of race discrimination to Echevarria and HR, Plaintiff was abruptly terminated by Echevarria from his employment with Defendant.

23.     Upon his termination, Plaintiff was hostility advised by Echevarria that "you don't belong here" and "you no longer work here," without further explanation.   Echeverria also followed Plaintiff out to his car, taking pictures Plaintiff's car and license plate, as if he had engaged in some wrongdoing.

24.     Plaintiff believes and therefore avers that he was subjected to a hostile work environment, issued pretextual discipline, and terminated because of his race and in retaliation for his objections to/complaints of race discrimination.

### -Age Discrimination-

25.     Separately and apart from the hostile work environment and discrimination that Plaintiff was subjected to on account of his race, he was also discriminated against by Defendant's management on account of his advanced age.

26.     Upon Plaintiff's information and belief, he is the oldest employee in the custodial department.

27.     Based on information and Plaintiff's observations/personal experiences, Echevarria (who was substantially younger than Plaintiff) favored younger employees and exhibited discriminatory animus towards Plaintiff and other older employees.  For example, but not intended to be an exhaustive list:

    a.  Echeverria treated Plaintiff and other older workers in a rude and condescending way and regularly talked down to them;

    b.  Echeverria and other members of Defendant's management, questioned the abilities of Plaintiff and other older workers and dismissed their input and knowledge, reaching out instead to younger employees for their input and advice;

    c.  Echeverria unfairly disciplined and/or terminated older employees, including Plaintiff, for small or minor infractions that younger employees would not be disciplined and/or terminated for; and

    d.  Unlike Plaintiff's younger co-workers, Echevarria selectively enforced policies against Plaintiff.

28.     After observing the aforementioned instances of age discrimination and disparate treatment for months, Plaintiff was abruptly terminated by Echevarria on or about September 11, 2020, without further explanation.

29.     Upon information and belief, after Plaintiff was terminated, his job duties have been performed by a much younger, less experienced individual who does not possess the level of qualifications and seniority Plaintiff had obtained working with Defendant.

30.     Therefore, Plaintiff believes and avers that he was terminated because of his advanced age.

## COUNT I
## <u>Violations of Title VII</u>
## ([1] Race Discrimination; [2] Hostile Work Environment; and [3] Retaliation)

31.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

32.     During Plaintiff's employment with Defendant, he was subjected to discrimination and a hostile work environment through disparate treatment and demeaning and/derogatory comments, and treatment because of his race and/or complaints of race discrimination.

33.     Instead of investigating Plaintiff's aforesaid complaints of race discrimination, Defendant's non-black management ignored them, left his legitimate concerns unresolved, and subjected him to increased hostility and animosity (as discussed *supra*).

34.     On or about September 11, 2020, shortly after his most recent complaints of race discrimination and a hostile work environment to Defendant's non-black management, Plaintiff was abruptly terminated.

35.     Plaintiff believes and therefore avers that he was subjected to a hostile work environment, issued pretextual discipline, and terminated from his employment with Defendant because of his race and his objections to/complaints of race discrimination.

36.     These actions as aforesaid constitute unlawful discrimination, retaliation, and a hostile work environment under Title VII.

**COUNT II**
**Violations of 42 U.S.C. Section 1981**
**([1] Race Discrimination; [2] Hostile Work Environment; and [3] Retaliation)**

37.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

38.     During Plaintiff's employment with Defendant, he was subjected to discrimination and a hostile work environment through disparate treatment and demeaning and/derogatory comments, and treatment because of his race and/or complaints of race discrimination.

39.     Instead of investigating Plaintiff's aforesaid complaints of race discrimination, Defendant's non-black management ignored them, left his legitimate concerns unresolved, and subjected him to increased hostility and animosity (as discussed *supra*).

40.     On or about September 11, 2020, shortly after his most recent complaints of race discrimination and a hostile work environment to Defendant's non-black management, Plaintiff was abruptly terminated.

41.     Plaintiff believes and therefore avers that he was subjected to a hostile work environment, issued pretextual discipline, and terminated from his employment with Defendant because of his race and his objections to/complaints of race discrimination.

42.     These actions as aforesaid constitute unlawful discrimination, retaliation, and a hostile work environment under Section 1981.

**COUNT III**
**Violations of the Age Discrimination in Employment Act ("ADEA")**
**(Age Discrimination)**

43.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

44.     Plaintiff was treated disparately with respect to work, policies, and termination contrary to individuals substantially younger than him.

45.     Plaintiff was abruptly terminated on or about September 11, 2020, without explanation.

46.     Upon information and belief, after Plaintiff was terminated, his work for Defendant has been performed by much younger, less experienced individuals who do not possess the level of qualifications and seniority Plaintiff had obtained working with Defendant.

47.     Therefore, Plaintiff believes and avers that he was terminated because of his advanced age.

48.     These actions as aforesaid constitute unlawful age discrimination and retaliation under the ADEA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.      Defendant is to promulgate and adhere to a policy prohibiting discrimination and retaliation in the future against any employee(s);

B.      Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement and seniority;

C.      Plaintiff is to be awarded liquidated and/or punitive damages as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D.      Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper and appropriate (including but not limited to damages for emotional distress, pain, suffering and humiliation); and

E.      Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law.

F.      Plaintiff is to be given a jury trial as demanded in the caption of this Complaint.

                              Respectfully submitted,

                              **KARPF, KARPF & CERUTTI, P.C.**

                    By:  _____
                              Ari R. Karpf, Esq.
                              3331 Street Rd.
                              Two Greenwood Square, Suite 128
                              Bensalem, PA 19020
                              (215) 639-0801

Dated:  April 19, 2021

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| | : | CIVIL ACTION |
| James Pollard | : | |
| v. | : | |
| Salus University | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (X )

| | | |
|---|---|---|
| 4/19/2021 | | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

## DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: ___644 East Evesham Road, Glendora, NJ 08029___

Address of Defendant: ___8360 Old York Road, Elkins Park, PA 19027___

Place of Accident, Incident or Transaction: ___Defendant's place of business___

---

**RELATED CASE, IF ANY:**

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☒

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __4/19/2021__   _____   ___ARK2484 / 91538___
              *Attorney-at-Law / Pro Se Plaintiff*       *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.   Federal Question Cases:**
- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☒ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases *(Please specify):* _____

**B.   Diversity Jurisdiction Cases:**
- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* _____
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, ___Ari R. Karpf___, counsel of record *or* pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: __4/19/2021__   _____   ___ARK2484 / 91538___
              *Attorney-at-Law / Pro Se Plaintiff*       *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

JS 44  (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| POLLARD, JAMES | SALUS UNIVERSITY |

| (b)  County of Residence of First Listed Plaintiff  Camden | County of Residence of First Listed Defendant  Montgomery |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |
| | NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |

| (c)  Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |
|---|---|
| Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com | |

| II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)* | III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff* and One Box for Defendant) *(For Diversity Cases Only)* |
|---|---|

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

1  U.S. Government   Plaintiff

X  3  Federal Question   *(U.S. Government Not a Party)*

2  U.S. Government   Defendant

4  Diversity   *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane | 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability | 367 Health Care/ Pharmaceutical | | | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | Personal Injury Product Liability | | **PROPERTY RIGHTS** | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | 368 Asbestos Personal Injury Product | | 820 Copyrights | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine | Liability | | 830 Patent | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | **PERSONAL PROPERTY** | | 835 Patent - Abbreviated New Drug Application | 460 Deportation |
| | 350 Motor Vehicle | 370 Other Fraud | **LABOR** | 840 Trademark | 470 Racketeer Influenced and Corrupt Organizations |
| 153 Recovery of Overpayment of Veteran's Benefits | 355 Motor Vehicle Product Liability | 371 Truth in Lending | 710 Fair Labor Standards Act | **SOCIAL SECURITY** | 480 Consumer Credit |
| 160 Stockholders' Suits | 360 Other Personal Injury | 380 Other Personal Property Damage | 720 Labor/Management Relations | 861 HIA (1395ff) | 490 Cable/Sat TV |
| 190 Other Contract | 362 Personal Injury - Medical Malpractice | 385 Property Damage Product Liability | 740 Railway Labor Act | 862 Black Lung (923) | 850 Securities/Commodities/ Exchange |
| 195 Contract Product Liability | | | 751 Family and Medical | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| 196 Franchise | | | Leave Act | 864 SSID Title XVI | 891 Agricultural Acts |
| | | | 790 Other Labor Litigation | 865 RSI (405(g)) | 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | 895 Freedom of Information Act |
| 210 Land Condemnation | 440 Other Civil Rights | **Habeas Corpus:** | | 870 Taxes (U.S. Plaintiff or Defendant) | 896 Arbitration |
| 220 Foreclosure | 441 Voting | 463 Alien Detainee | | 871 IRS—Third Party 26 USC 7609 | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 230 Rent Lease & Ejectment | X 442 Employment | 510 Motions to Vacate Sentence | | | |
| 240 Torts to Land | 443 Housing/ Accommodations | 530 General | | | 950 Constitutionality of State Statutes |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment | 535 Death Penalty | **IMMIGRATION** | | |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other | **Other:** | 462 Naturalization Application | | |
| | 448 Education | 540 Mandamus & Other | 465 Other Immigration Actions | | |
| | | 550 Civil Rights | | | |
| | | 555 Prison Condition | | | |
| | | 560 Civil Detainee - Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

X 1  Original Proceeding

2  Removed from State Court

3  Remanded from Appellate Court

4  Reinstated or Reopened

5  Transferred from Another District *(specify)*

6  Multidistrict Litigation - Transfer

8  Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII (42USC2000); Section 1981 (42USC1981); ADEA (29USC621)

Brief description of cause:
Violations of Title VII, Section 1981, ADEA and the PA Human Relations Act.

| VII. REQUESTED IN COMPLAINT: | CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P. | DEMAND $ | CHECK YES only if demanded in complaint:  JURY DEMAND:  X Yes   No |
|---|---|---|---|

**VIII. RELATED CASE(S) IF ANY**

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE   4/19/2021

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

| Print | Save As... | Reset |
|---|---|---|